Curia, per

Butler, J.
By the 18th section of the Act of 1825, 9 Statutes at Large, 563, the Commissioners of Roads have power to make assessments on the inhabitants of their Districts or Parishes, for the purpose of making repairs on bridges and highways, Ac., with a restriction that such assessments are to be made upon the amount of the last general tax. And by the next section, the Tax Collectors of such Districts and Parishes are required to furnish to the Commissioners the amount of the lastgeneral tax; and when the assessment is made, it is their duty to collect the taxes imposed in proportion to the last general tax aforesaid. The Board must have reference to the amount of the last general tax, for the purpose of making correct estimates as to the means of raising any sum of money that may be deemed requisite to repair roads and bridges. If any particular sum has been determined on, it can be raised by a certain per cent. The amount to be collected must be determined on, not by any prospective conjecture of the taxes to be collected, for that would be uncertain and might lead to abuse; the Board might conclude that the coming in amount would be greater than the last, and might make an unreasonable assessment. It is said the Board is not at liberty to make the assessment so as to leave it in the power of the Tax Collector to ascertain and collect the sum assessed, by a certain per cent., but that each inhabitant should be assessed a certain sum by the Commissioners themselves. This would be an extremely tedious and inconvenient mode of proceeding, and might lead to mistakes and unsatisfactory results. It is certainly not the usual mode of proceeding. The resolution of the Board was, “that twenty per cent, be assessed on all the taxable inhabitants of the said District.” This being the general authority of the Tax Collector, he is bound to pursue the directions of the Act itself, which prescribes specifically enough his duty as to the mode of making the collections. For so far as it regards the sum *267 to be collected, that must be indicated by the Board; but so far as it regards the mode, and the proportion to be taken from each, he must proceed according to the Act, and his own information as Tax Collector. He will not be at liberty to collect more than 20 per cent, from each individual. That restriction will indicate the proportion by which the result is attained, and every citizen must take care that no more than that proportion should be collected. His own vigilance is always a better security than the honesty of the officer. For if the officer had directions to collect a particular sum, he might suppress the information as effectually as when he is required to collect a certain per cent. The calculations in both instances are made on the same data, and the Tax Collector is no more liable to mistake in making this calculation than he is in making estimates for the general taxes. In both cases he must act under the authority of the law, and must decide according to the convictions of his own judgment. We have no reason to doubt but that the Tax Collector acted in conformity to the law, and that he did collect the amount of at least twenty per cent, from the taxable inhabitants of Barnwell. Having acted under the authority of the Board, and in pursuance of the directions of the Act, so far as it regards his duties, what excuse can his sureties have why they should not answer for his default, under the obligation of their bond % The mode in which the Commissioners conveyed the intelligence of their resolution to the Tax Collector, was highly reprehensible, but as the Tax Collector took no exception to it, but acted under it, the securities should be bound to the extent that he was under the true authority of the Commissioners; and that authority was, that 20 and not 25 per cent, should be collected.
The jury were fully authorised to come to their conclusion, that Walker had collected 20 per cent, on the amount of the last year’s taxes ; and for that amount, subject to the deduction of the sum paid by the principal, the securities were properly held responsible for in this action.
We therefore refuse to set aside the verdict of the jury, and dismiss this motion.
O’Neall, Evans, and Wardlaw, JJ., concurred.